## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| SHERRY COKES, *et al.*, | : | Case No. 3:24-cv-332 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| MARY ANN LUGER STANSON, *et al.*, | : | |
| Defendant. | : | |

## ORDER and
## REPORT AND RECOMMENDATION[1]

This case is before the Court upon *pro se* Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) and for a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**. However, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted and under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

### I.   PLAINTIFF'S COMPLAINT

Upon careful review, Plaintiff's description of her case is difficult to comprehend. In a civil complaint form section entitled "Statement of Claim," Plaintiff wrote the following:

> To the list of profilirater [sic] names of the occulage [sic] eye process program[,] the senseless morven [sic] avenue of late unauthorized succession of minutes[,] hours[,] days[,] and time are calculated by the formage [sic] of adjudication of non-accidental concurrence of multiple secret job titles of standard undercover

---
[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

> practices of the revelation of project manner fortress service by air expression companies[.]
>
> The degree of education and startup job works program certificate of deposits of living and work relationships of manufacturing future ingredient design of within and without the depository start up system[.]
>
> The Justice Department of Super Foundry Friends was invaded by the demise of Helen Street from the 100 Space Laboratory Department of the Spacer Founders Development Set Program[.]
>
> The lineage of Helena Street family oglyphic [sic] family statute of civil rights of Medgar evers [sic] projectile sheets[.] Uncle Jobe McKinley District 6[.].

(Doc. #1-1, *PageID* #6).[2] Plaintiff's Complaint includes several handwritten attachments, which fail to illuminate her statement of claim. *Id*. at 8-13. For relief, Plaintiff seeks "[t]he return of my true knowledge barring process of true educational degrees[,] run spots[,] trivial pursuits of monetary treasure accounts from unlawful prosperity[,] hidden accountants[.] The occrumen [sic] of valid investigation reports on by coaches and factory agents of hunting rights to wrong BP Creem[.]" *Id*. at 7.

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint upon finding (1) the claims are frivolous or malicious; (2) it fails to state a claim upon which relief may be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[2] Plaintiff's Motion and Complaint were submitted in a combination of lowercase and capital letters. Quoted portions of the filings that appear in this Order and Report and Recommendation use lowercase letters for better readability. The undersigned has taken care to preserve the original meaning, as best as can be determined.

In conducting this initial review, the Court accepts Plaintiff's allegations as true and construes them liberally in her favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint

must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).

In addition to the § 1915(e)(2) review, the Court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Williams v. Cincy Urban Apts.,* No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (Weber, D.J.) (citing *Carlock v. Williams,* 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)). Pursuant to Federal Rule of Civil Procedure 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction …." "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for 'diversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

District courts have federal-question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and involves "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; [or] (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties...." 28 U.S.C. § 1332(a).

4

### III. DISCUSSION

Upon review of Plaintiff's Complaint, the undersigned finds that Plaintiff fails to state a claim upon which relief may be granted. Although Plaintiff indicated that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, (Doc. #1-1, *PageID* #5), it is not clear from Plaintiff's Complaint whether she is asserting any claims under federal law. *See Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) ("'courts should not have to guess at the nature of the claim asserted.'"). Indeed, her Complaint is devoid of reference to any federal laws, regulations, or provisions under the United States Constitution. Moreover, the undersigned is unable to discern any plausible legal claim. Accordingly, insofar as Plaintiff asserts claims against Defendants under federal law, the undersigned recommends that Plaintiff's claims be dismissed.

The Court should also dismiss Plaintiff's Complaint because there is no plausible legal basis for establishing subject-matter jurisdiction over this action. Plaintiff indicated that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), and 1343. (Doc. #1-1, *PageID* #5). However, as explained above, Plaintiff's claims against Defendants do not involve or arise under any federal laws or the United States Constitution. Thus, Plaintiff is unable to establish this Court's subject-matter jurisdiction under 28 U.S.C. § 1331.

Moreover, Plaintiff's reference to 28 U.S.C. § 1343(A)(3) in support of her assertion of federal-question jurisdiction is misplaced. (Doc. #1-1, *PageID* #5). Section 1343(A)(3) of Title 28 of the United States Code provides original jurisdiction for federal district courts in order for a plaintiff "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the

5

jurisdiction of the United States." But as discussed above, the facts alleged by Plaintiff do not involve any violations of her constitutional rights or "any Act of Congress providing for equal rights of citizens …." Therefore, Plaintiff has not established federal subject-matter jurisdiction under 28 U.S.C. § 1343.

Finally, Plaintiff's claim also does not meet the requirements of diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction. Specifically, Plaintiff has failed to satisfy the complete diversity and amount in controversy requirements of 28 U.S.C. § 1332. Based on the addresses provided by Plaintiff for herself and Defendants, the parties are residents of Ohio. (Doc. #1-1, *PageID* #s 4-5). She does not allege that Defendants may be domiciled elsewhere for purposes of determining their state of citizenship. Moreover, Plaintiff seeks nonmonetary relief or, at most, unspecified monetary relief in "monetary treasure accounts," failing to allege an amount in controversy. *Id.* at 7. Accordingly, Plaintiff has failed to plausibly allege diversity of citizenship pursuant to 28 U.S.C. § 1332 to establish this Court's subject-matter jurisdiction.

**IT IS THEREFORE ORDERED THAT:**

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. #1) is **GRANTED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil Procedure 12(h)(3);

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

3. The case be terminated on the Court's docket.

January 31, 2025

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).